1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11    BILLY RAY SHANEE MALDONADO,          No.  2:25-CV-0772-WBS-DMC-P
12                    Plaintiff,
13           v.                            ORDER
14    R. BARTON, et al.,
15                    Defendants.
16
17           Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to
18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint. See ECF No. 1.
19           The Court is required to screen complaints brought by prisoners seeking relief
20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.
21    § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was
22    initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel.
23    Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or
24    portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can
25    be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See
26    28 U.S.C. § 1915A(b)(1), (2).
27    / / /
28    / / /

                                    1

1    Moreover, the Federal Rules of Civil Procedure require that complaints contain a

2  ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

3  Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See

4  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).

5  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim

6  and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

7  Because Plaintiff must allege with at least some degree of particularity overt acts by specific

8  defendants which support the claims, vague and conclusory allegations fail to satisfy this

9  standard.  Additionally, it is impossible for the Court to conduct the screening required by law

10  when the allegations are vague and conclusory.

11

12                          **I.  PLAINTIFF'S ALLEGATIONS**

13    Plaintiff filed complaint on March 7, 2025, asserting claims against the following

14  Defendants: 1) Robert Barton, Board of Parole Hearing Commissioner, 2) Daniel Moeller,

15  Associate Deputy, 3) Michael Mette, Associate Deputy, 4) Robert Rasp, District Attorney, 5)

16  Martin Carr, Attorney, 6) Toni White, Attorney, and 7) R. Mosqueda, California Department of

17  Corrections and Rehabilitation Counselor. See ECF No. 1, pgs. 2-4. Plaintiff alleges that

18  Defendants Barton, Moeller, Mette, Carr, White, as well as the "RAP Panel" were not prepared

19  for a parole hearing. See id. at 5. Specifically, Plaintiff alleges manipulation and

20  misrepresentation of state law. See id.  According to Plaintiff, Defendant Rasp was not prepared

21  with a "calculation of credits of sentence." Id.  Plaintiff adds: "State appointed attorney. By

22  politics and red tape. Patient was questioned of taking medication if release to society." Id.

23  Plaintiff also asserts that he asked Defendant Mosqueda for information on the right to freedom of

24  "rehabilitation." Id. Generally, Plaintiff alleges that he was "deprived of a right for rehab

25  housing" services and that state law was interpreted incorrectly by California state officials. Id.

26  Plaintiff further alleges that his state-appointed attorney did not pursue this "false interpretation"

27  as a cause of action. Id.

28  / / /

1    In Plaintiff's second claim, Plaintiff alleges he was "overlooked by a decision"

2  made by the "RAP Panel." Id. at 6. Plaintiff appears to make this allegation against Defendant

3  Barton, but it is unclear this defendant's role was with respect to this allegation. Next, Plaintiff

4  alleges that Defendant Moeller did not pursue the situation, apparently in violation of some

5  unspecified code of conduct. See id. Plaintiff asserts that it was a "violation of state law to view

6  all the documents" and that there were "numerous errors by RAP Panel / board." Id. Plaintiff

7  next alleges that Defendant Mette "did not pursue the situation was out of context by code of

8  conduct" and that no correction was made to the errors. Id. Plaintiff alleges that Defendant Rasp

9  "never made sure the correct sentence of credits." Id. It is unclear what is being alleged in the

10  following sentences: "By the Department of Public Office. Plaintiff further claims that Defendant

11  Carr did not state any grounds for relief or any cause of action in the case file as "ordered by state

12  law under oath." Id. Plaintiff next alleges that Defendant White stated a "right to freedom to

13  purchase read it would patient to get release. Case file was not in order…" Id. Plaintiff claims that

14  Mosqueda "could not give a straight answer" and cites the uniform code of conduct. Id. Plaintiff

15  states that "Patient believes that there has not been a full investigation by those in place of

16  authority." Id. Plaintiff appears to contend that there were numerous decision errors, apparently

17  with respect to parole eligibility. See id.

18    In Plaintiff's third claim, Plaintiff alleges that Defendant Barton deprived Plaintiff

19  of a right of law prohibiting discrimination because of race, creed, or color. See id. at 7. Plaintiff

20  alleges that Defendants Moeller and Mette deprived him of a right by law, stating that "no person

21  shall be deprive of life, liberty, or property without due process." Id. Plaintiff alleges that

22  Defendants Rasp, Carr, and White deprived his rights, stating that "no person shall be placed

23  twice in jeopardy for the same offense." Id. Next, Plaintiff alleges that Defendant Mosqueda

24  deprived his rights stating that there "shall be no discrimination because of race, creed, color,

25  origin, or sexuality." Id. Finally, Plaintiff references an executive order issued by President

26  Donald Trump, but it is unclear what executive order Plaintiff is referencing as well as the

27  relevance of said order. See id.

28  / / /

1

## II. DISCUSSION

2      The Court finds that Plaintiff has not stated a cognizable claim against Defendants.

3   Plaintiff's complaint has not alleged sufficient facts to establish a causal link between

4   Defendants' actions and any constitutional violation. Additionally, Plaintiff appears to challenge

5   the results of his parole hearing which does not constitute a cognizable claim under 42 U.S.C. §

6   1983. For these reasons, Plaintiff will be provided an opportunity to amend.

7      To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

8   connection or link between the actions of the named defendants and the alleged deprivations.  See

9   Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

10  person 'subjects' another to the deprivation of a constitutional right, within the meaning of

11  § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

12  an act which he is legally required to do that causes the deprivation of which complaint is made."

13  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

14  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

15  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

16  specific facts as to each individual defendant's causal role in the alleged constitutional

17  deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

18     Plaintiff appears to allege that Defendants generally deprived Plaintiff of

19  constitutional rights. However, Plaintiff does not set forth specific facts as to each individual

20  defendant's casual role in the alleged deprivation of constitutional rights. Plaintiff often states

21  only that certain defendants deprived Plaintiff of his rights. See ECF No. 1, pg. 5-7. No

22  supporting facts are provided that indicate specific actions taken by individual defendants, nor are

23  facts alleged as to how any charged actions caused the deprivation of constitutional rights alleged.

24  Lacking supporting facts, the allegations are vague and conclusory and are therefore insufficient

25  to establish the necessary causal link between the Defendant's conduct and the alleged

26  constitutional deprivation. Plaintiff will be provided the opportunity to amend.

27  / / /

28  / / /

4

1    Next, when a state prisoner challenges the legality of his custody and the relief he

2    seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is

3    not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a

4    writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v.

5    Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th

6    Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory

7    relief alleges constitutional violations which would necessarily imply the invalidity of the result

8    of a parole hearing, such a claim is not cognizable under § 1983 unless the result has first been

9    invalidated on appeal, by habeas petition, or through some similar proceeding.  See Butterfield v.

10    Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable

11    because allegations of procedural defects were an attempt to challenge substantive result in parole

12    hearing).

13    In the context of the denial of parole, Plaintiff alleges Defendants deprived

14    Plaintiff of constitutional rights. See ECF No. 1, pg. 7. Additionally, Plaintiff cites "numerous

15    decision errors" with respect to parole eligibility, apparently challenging the findings at a parole

16    board hearing. Id. at 6. As stated above, challenges to underlying convictions and sentences,

17    including substantive results in parole hearings to determine suitability for release, are not

18    cognizable under § 1983 absent a showing that the parole denial has been set aside. See

19    Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997). Plaintiff will be provided leave to

20    amend to allege additional facts regarding his claims related to the denial of parole.

21

22    **III.  CONCLUSION**

23    Because it is possible that the deficiencies identified in this order may be cured by

24    amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d

25    1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an

26    amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258,

27    1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the

28    prior pleading to make Plaintiff's amended complaint complete. See Local Rule 220. An amended

1  complaint must be complete in itself without reference to any prior pleading. See id.

2          If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

3  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See

4  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how

5  each named defendant is involved and must set forth some affirmative link or connection between

6  each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167

7  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8          Finally, Plaintiff is warned that failure to file an amended complaint within the

9  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

10 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

11 with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

12 See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

13         Accordingly, IT IS HEREBY ORDERED that:

14         1.      Plaintiff's original complaint, ECF No. 1, is dismissed with leave to

15 amend; and

16         2.      Plaintiff shall file a first amended complaint within 30 days of the date of

17 service of this order.

18

19 Dated:  June 5, 2025

20                                        _____
                                          DENNIS M. COTA
21                                        UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

6